# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JOHNNY BRUCE GANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 3:16−cv−00330 |
| JEFFERSON CITY, TENNESSEE, | ) REEVES/GUYTON |
| JIMMY CARDWELL, and | ) |
| JOSEPH C. REFF, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This case arises out of Gann's arrest for driving under the influence. Gann alleges that the officers lacked probable cause for his arrest. Because probable cause existed to arrest Gann for driving under the influence, defendants' motion for summary judgment will be granted and this action dismissed.

## I. Background

In the early morning of May 28, 2015, Gann drove with his girlfriend, Rebecca Hutsell, to the home of her estranged spouse to pick up "gas money" that Hutsell's husband had promised to repay. It was approximately 4:50 a.m. when Gann knocked on the husband's door. Not surprisingly, an altercation occurred between Gann and the husband, where Gann alleges he was thrown to the floor and struck in the head approximately 25

1

times. Gann and Hutsell left the residence and returned to the parking lot of Gann's apartment complex.

Officers Reff and Cardwell received a dispatch relating to the altercation at the husband's residence at approximately 5:20 a.m. Officer Cardwell responded to the address of the altercation.[1] Meanwhile, Officer Reff traveled to Gann's apartment complex. He found Gann and Hutsell sitting in their car in the parking lot of the apartment complex at approximately 5:46 a.m. Officer Reff stated that while he did see Gann operating his car prior to parking at the apartment complex, he observed no speeding, no erratic driving, and no swerving. Officer Reff spoke briefly to Hutsell, who was impaired to the point that she had little to no memory of the incident. Officer Reff continued his investigation by questioning Gann.

Officer Reff noted that Gann was visibly shaking and appeared to be impaired. Gann advised Officer Reff that he had taken multiple prescription medications, including Lithium and Depakote, both of which fall within a category of drugs known for the potential to impair drivers. After a brief discussion about the assault, Officer Reff asked Gann to exit his car and submit to field sobriety tests.

Officer Reff first administered the Horizontal Gaze Nystagmus (HGN) test, followed by a number of additional field sobriety tests including walk and turn, one leg stand, alphabet recital, finger count, and Rhomberg balance. Gann performed poorly and was very unsteady on his feet throughout each physical test. Several of the tests were

---

[1] After talking to Hutsell's estranged husband, Sergeant Cardwell went to Gann's apartment complex and recorded the field sobriety tests administered by Officer Reff.

recorded on the cruiser video (there is no audio associated with the video). After Gann was unable to perform the field sobriety tests, Officer Reff charged him with driving under the influence and placed him under arrest. Gann was transported to the Jefferson County Detention Center and was released from custody later that afternoon.

Gann states he performed the verbal portions of the tests without difficulty; however, he admits having difficulty with the physical portions of the tests due to head injuries from the altercation. Gann avers his medical condition, injury from the assault, and stress from the altercation were not adequately considered by the officers. Blood tests revealed that Gann had no alcohol or intoxicants in his system. The driving under the influence charge was dismissed.

## II. Standard for Summary Judgment

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 330 n. 2 (1986); *Moore v. Philip Morris Co., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and inferences to be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Matsushita elec. Indus. Co. Ltd v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Burchett v. Keifer*, 301 F.3d 937, 942 (6th Cir. 2002).

Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. *Celotex*, 477 U.S. at 317. To establish a genuine issue as to the existence of a particular element,

3

the nonmoving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Id.* at 250. The court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the court search the record "to establish that it is bereft of a genuine issue of fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

### III. Probable Cause for Arrest

The legal principle is well established that the Fourth and Fourteenth Amendments to the United States Constitution require probable cause to justify an arrest of an individual. *Crockett v. Cumberland Coll.*, 316 F.3d 571, 580 (6th Cir. 2003). A police officer has probable cause for arrest if, at the time the officer makes the arrest, the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had

4

committed or was committing an offense. *Courtright v. City of Battle Creek*, 839 F.3d 513, 521 (6th Cir. 2016).

The officers argue they are entitled to qualified immunity because they had probable cause to arrest Gann for driving under the influence. Qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015). For a reasonable official to have understood that his actions violate a clearly established statutory or constitutional right, existing precedent must have placed the statutory or constitutional question beyond debate. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Officers Cardwell and Reff are therefore shielded by qualified immunity unless the facts, when viewed in the light most favorable to Gann, would permit a reasonable juror to find that (1) they violated a constitutional right; and (2) the right was clearly established. *Bishop v. Hackel*, 636 F.3d 757, 765 (6th Cir. 2011). Once qualified immunity is invoked, Gann bears the burden to show that qualified immunity is inappropriate. *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013).

To state a Fourth Amendment claim for wrongful arrest, Gann must prove that the arresting officers lacked probable cause. *Robertson v. Lucas*, 753 F.3d 606, 618 (6th Cir. 2014). A police officer has probable cause only when he discovers reasonably reliable information that the suspect has committed a crime. *Gardenshire v. Schubert*, 205 F. 3d 303, 318 (6th Cir. 2000). The results of a properly administered field sobriety test may

serve as evidence of probable cause to make a drunk-driving arrest. *See Jolley v. Harvell*, 254 Fed. Appx. 483 (6th Cir. 2007).

At the time of Gann's arrest, Officer Reff was aware that Gann had taken multiple prescription medications including Lithium, Depakote, and diabetes medications. Based on his training as a Drug Recognition Expert, Officer Reff was aware that both Lithium and Depakote were known for the potential to impair driving. In addition, the police cruiser video shows Gann failed the HGN test; was shaky and unsteady on his feet; unable to walk in a straight line; unable to maintain his balance; and unable to perform a finger count test. Gann does not dispute that he was unable to pass the field sobriety tests. Based on these undisputed facts, the court finds that the totality of the circumstances within Officer Reff's knowledge were sufficient to believe Gann had committed the offense of driving under the influence. The Sixth Circuit has held that probable cause can be established where an officer has information that a driver had taken prescription medications. *See Keyes v. Ervin*, 92 Fed. Appx. 232, 239 (6th Cir. 2004) (the fact that plaintiff may have ingested drugs lawfully prescribed by a physician would not impact the officer's investigation of possible driving under the influence). Moreover, under Tennessee law, driving under the influence of an intoxicant is a strict liability crime; using prescribed medications as directed cannot be used as a defense. *Id.* Even viewing this evidence in a light most favorable to Gann, no reasonable juror could find that the officers lacked probable cause to arrest Gann for driving under the influence, and defendants' motion for summary judgment on Gann's unlawful arrest claim is **granted**.

## IV. Municipal Liability

Gann states that the Jefferson City Police Department has a practice and policy of arresting and detaining individuals for driving under the influence without probable cause. A municipality cannot be held liable solely because it employs a tortfeasor or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691. Rather, "it is when execution of a government's policy or custom…inflicts injury that the government as an entity is responsible under § 1983." *Id.* at 694; *see also Connick v. Thompson,* 131 S.Ct. 1350, 1359 (2011) (holding that "under § 1983, local governments are responsible only for their own illegal acts…They are not vicariously liable under § 1983 for their employees' actions").

*Monell* requires "(1) that a municipality be held liable only when execution of a government's policy or custom…inflicts the injury, and (2) that there be an affirmative link between the policy and the particular constitutional violation alleged." *Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007). Because there is no vicarious liability under § 1983, in order to withstand Jefferson City's motion to dismiss, Gann must show that his arrest occurred as a result of some policy or custom, and that there is a link between the policy and the particular constitutional violation.

The Sixth Circuit recognizes four ways that a plaintiff can show an illegal policy or custom: (1) the existence of an illegal official policy or legislative enactment; (2) when an official with final decision making authority ratifies illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance

or acquiescence of federal rights violations. *Burgess v. Fischer,* 735 F.3d 462, 478 (6th Cir. 2013).

First, Gann alleges that Jefferson City is vicariously liable for the actions of Sergeant Cardwell and Officer Reff. However, as stated above, vicarious liability is not a basis for relief under § 1983. *See Canton v. Harris*, 489 U.S. 378 (1989). Second, Gann alleges that the City has a practice and policy of deliberate indifference to medical conditions and instead associating such conditions with driving under the influence. Gann has not provided any proof, other than his arrest, that Jefferson City has a policy or custom of being deliberately indifferent to medical conditions when arresting individuals for driving violations. Third, Gann has provided no evidence of prior incidents that would put Jefferson City on notice that its officers had a custom of detaining or arresting individuals without probable cause. Accordingly, defendants' motion for summary judgment on Gann's municipal liability claim is **granted**.

## V. State Law Claims

Gann also alleges claims under Tennessee state law based on negligence, false imprisonment, and false arrest. The court has supplemental jurisdiction over these claims through 28 U.S.C. § 1367. A court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The only claims that the court has original jurisdiction over are Gann's § 1983 claims. Because the court has dismissed all § 1983 claims, it will decline to exercise supplemental

or acquiescence of federal rights violations. *Burgess v. Fischer,* 735 F.3d 462, 478 (6th Cir. 2013).

First, Gann alleges that Jefferson City is vicariously liable for the actions of Sergeant Cardwell and Officer Reff. However, as stated above, vicarious liability is not a basis for relief under § 1983. *See Canton v. Harris*, 489 U.S. 378 (1989). Second, Gann alleges that the City has a practice and policy of deliberate indifference to medical conditions and instead associating such conditions with driving under the influence. Gann has not provided any proof, other than his arrest, that Jefferson City has a policy or custom of being deliberately indifferent to medical conditions when arresting individuals for driving violations. Third, Gann has provided no evidence of prior incidents that would put Jefferson City on notice that its officers had a custom of detaining or arresting individuals without probable cause. Accordingly, defendants' motion for summary judgment on Gann's municipal liability claim is **granted**.

## V. State Law Claims

Gann also alleges claims under Tennessee state law based on negligence, false imprisonment, and false arrest. The court has supplemental jurisdiction over these claims through 28 U.S.C. § 1367. A court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The only claims that the court has original jurisdiction over are Gann's § 1983 claims. Because the court has dismissed all § 1983 claims, it will decline to exercise supplemental

jurisdiction over the state claims. Accordingly, Gann's state law claims are **dismissed without prejudice**. See Fed. R. Civ. P. 41(b).

## VI. Conclusion

In light of the foregoing discussion defendants' motion for summary judgment [R. 19] is **GRANTED**. Gann's § 1983 claims are **dismissed with prejudice**, and his claims brought pursuant to Tennessee state law are **dismissed without prejudice**.

The trial scheduled for February 27, 2018, is **cancelled**.

_____
**UNITED STATES DISTRICT JUDGE**